\*\*Original filed 7/26/06\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL IZELL BROWN, aka MICHAEL IZELL SEALS,<br><br>                Plaintiff,<br><br>  vs.<br><br>K. PORTER, Et. Al.,<br><br>                Defendants. | No. C 01-20957 JF (PR)<br><br>ORDER OF DISMISSAL WITH PREJUDICE AND TERMINATING PENDING MOTIONS<br><br>(Docket no. 19) |

      Plaintiff Michael Izell Brown filed this pro se action alleging the violation of his civil rights when he was incarcerated at the Humboldt County Jail in 2001. Specifically, he alleged that when he requested the use of an electric razor to shave, jail employees gave him a razor that belonged to an inmate who had tested positive for the HIV virus, and then did not provide plaintiff with immediate medical attention at his request. Plaintiff alleged that he suffered psychological distress and "potential" physical damages because of this event. Upon initial review of the complaint, the Court concluded that plaintiff's allegations stated a claim for no more than negligence, which is not cognizable under 42 U.S.C. § 1983. The Court granted plaintiff leave to amend to allege facts which would cure the pleading deficiency and state a claim for relief based on deliberate indifference to his health or safety. (Docket no. 6.)

Plaintiff has filed an amended complaint which references the allegations of the original complaint and also expands upon his claims of psychological and physical injury. In support of his claims of injury plaintiff has attached copies of mental health assessment reports from several prisons at which plaintiff has been housed subsequent to his time at the Humboldt County Jail.

The appropriate standard for evaluating constitutional claims brought by pretrial detainees and convicted prisoners alike is that of "deliberate indifference" to an inmate's needs. See Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc), cert. denied, 502 U.S. 1074 (1992). In order to establish deliberate indifference, the deprivation alleged must be, objectively, sufficiently serious, and the prison official must possess a sufficiently culpable state of mind. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). In other words, a prison official acts with deliberate indifference only if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Id. at 837.

Plaintiff's allegations do not state a claim for deliberate indifference to his health or safety. As a threshold matter, the allegations which led the Court to conclude that no more than a claim for negligence was stated have remained unchanged. Plaintiff requested an electric razor because he suffers from a skin sensitivity. K. Porter, a "trainee" and "new on the job," gave him an electric razor to use. After using the razor, plaintiff saw that it had the name of another inmate written on it and the letters "HIV" carved on the top. Plaintiff told K. Porter to get her supervisor, Corporal D. Kim, from whom he requested immediate medical attention, which was denied.

Nothing plaintiff has said can lead to an inference that either K. Porter or D. Kim knew that plaintiff faced a substantial risk of serious harm and disregarded that risk. According to the allegations, K. Porter negligently gave plaintiff a razor that

belonged to an HIV-positive inmate. When plaintiff complained, K. Porter summoned his supervisor at plaintiff's request. Plaintiff's request for immediate medical attention was denied, but there is no allegation that he had cut or otherwise injured himself while using the razor or that D. Kim was aware of any such injury. Plaintiff's allegations do not and cannot meet the subjective requirement for deliberate indifference.

Plaintiff's allegations also do not meet the requirement of a deprivation which is, objectively, sufficiently serious. First, as already noted, there is no allegation of any physical injury at the time the event occurred. And although plaintiff alleges that he suffered emotional distress upon discovering to whom the razor belonged, he cannot seek recovery for such injury in federal court. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.") Plaintiff's allegations of subsequent mental health problems also do not surmount this hurdle, even if accompanied by the migraines, dry mouth, and loss of appetite of which he complains. Physical symptoms that are not sufficiently distinct from a plaintiff's allegations of emotional distress do not qualify as "a prior showing of physical injury." See Davis v. District of Columbia, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (holding that "somatic manifestations of emotional distress" such as weight loss, appetite loss and insomnia, cannot establish physical injury under § 1997e(e)). Finally, the documentation which plaintiff provides simply does not support the proposition that the razor incident is the source of plaintiff's long-term and serious mental health problems.

The Court finds that Plaintiff has failed to state a claim upon which relief may be granted for deliberate indifference to his health or safety needs and that further

Order of Dismissal with Prejudice
P:\pro-se\sj.jf\cr.01\Seals957.dismiss.ECK                3

1  amendment would be futile.[1] Accordingly, plaintiff's claims are dismissed with
2  prejudice.
3        For the foregoing reasons, this action is DISMISSED WITH PREJUDICE for
4  failure to state a claim upon which relief may be granted.  The Clerk of the Court shall
5  enter judgment and close the file.
6        This order terminates docket number 19.
7        IT IS SO ORDERED.
8  DATED:  7/25/06                    /S/
                                       JEREMY FOGEL
9                                     United States District Judge

---

[1] In his "Motion for Cause of Action" filed on November 21, 2005, plaintiff states that he wishes to add additional Humboldt County Jail defendants to his action based on new allegations that they failed to treat him for his mental health problems during his trial because of negative newspaper publicity about the crimes for which he was charged.  Plaintiff's allegations do not pertain to the razor incident, they are conclusory, and he has not alleged that he exhausted his administrative remedies with respect to such allegations, as required by 42 U.S.C. § 1997e.  Accordingly, plaintiff is DENIED leave to add a new cause of action to his amended complaint based on these allegations. (Docket no. 19.)  If he is so inclined he may attempt to pursue these allegations in a new civil rights action.

1 | This is to certify that on _____ a copy of this order was mailed to the following:
2 |
3 | Michael Izell Brown, aka
  | Michael Izell Seals
4 | V-77488
  | San Quentin State Prison
5 | San Quentin, CA 94974
6 |
7 |
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 | Order of Dismissal with Prejudice
   | P:\pro-se\sj.jf\cr.01\Seals957.dismiss.ECK               5